UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| *IN RE* **TAYLOR**, | Case No. 1:22-cv-00744 (TNM) |

**MEMORANDUM OPINION**

Plaintiff Eric Taylor recently filed the instant Complaint.  *See* ECF No. 1.  Taylor has sued in this district before—Judge Sullivan dismissed his last complaint as frivolous and noncompliant with Federal Rule of Civil Procedure 8.  *See* Compl. Ex. 1 at 2–4, ECF No. 1-1.[1]  The D.C. Circuit affirmed that dismissal.  *See In re Taylor*, 830 F. App'x 2 (D.C. Cir. 2020).  This Court will likewise dismiss Taylor's Complaint for failure to comply with Rule 8(a).

That Rule requires a complaint to contain a "short and plaint statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  The purpose of Rule 8 is to give fair notice to defendants of the claims being asserted so that they can prepare a responsive answer, prepare an adequate defense, and determine whether the doctrine of res judicata applies.  *See Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).  Rule 8 "underscore[s] the emphasis placed on clarity and brevity by the federal pleading rules," and "[e]nforcing these rules is largely a matter for the trial court's discretion."  *Satterlee v. CIR*, 195 F. Supp. 3d 327, 334 (D.D.C. 2016) (cleaned up).  *Pro se* litigants like Taylor receive liberal construction of their pleadings, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), but they still must comply with Rule 8(a), *see Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987).

---

[1] All page citations refer to the page numbers generated by the Court's CM/ECF filing system.

The Complaint here is anything but "short and plain." Fed. R. Civ. P. 8(a). Over the course of 24 pages, Taylor references the federal oath of office; his apparent conviction in Virginia; false imprisonment; intentional infliction of emotional distress; corporatism; impeachment; the Civil Rights Act of 1866; and several Federal Rules of Civil Procedure. *See generally* Compl. And to relieve his alleged injuries, Taylor seeks $128.8 billion in damages, compounding at "999 googol plexuses every yocto-second," *id.* at 4, and a pronouncement that he is "King of the territory known of being the United States of North America," *id.* at 23.

The pleading is incomprehensible. It entirely fails to put any Defendant on notice as to the nature of Plaintiff's claim, and therefore fails the most basic requirement of pleading in federal court. Indeed, the Court cannot say who Taylor even sues. He mentions each justice of the U.S. Supreme Court and Judge Sullivan, but he also says that "[a]ll who voted in the 2016 election for any candidate" injured him. *Id.* at 2. And even if the Court could identify the alleged Defendants, Taylor's statements about his claims are too long and unintelligible to permit "a responsive answer" or "an adequate defense" from a Defendant. *Brown*, 75 F.R.D. at 498.

For these reasons, the Amended Complaint will be dismissed. A separate Order will issue.

Dated: April 4, 2022                                      TREVOR N. McFADDEN, U.S.D.J.